## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

JONATHAN T. ALSTON )
10012 Cedarhollow Lane )
Largo, MD 20774 )
 )
    Plaintiff, )
 )
v. )   CIVIL ACTION NO. _____
 )   **JURY TRIAL DEMANDED**
**EQUIFAX INFORMATION SERVICES, LLC** )
**Serve:**  CSC-Lawyers Incorporating Service Co. )   CAL13-22240
       7 St. Paul Street, Suite 1660 )
       Baltimore, MD 21202 )
 )
    Defendant, )
 )
**EXPERIAN INFORMATION SOLUTIONS, INC** )
**Serve:**  The Corporation Trust Incorporated )
       351 West Camden Street )
       Baltimore, MD 21201 )
 )
    Defendant, )
 )
**TRANS UNION LLC** )
**Serve:**  CSC-Lawyers Incorporating Service Co. )
       7 St. Paul Street, Suite 1660 )
       Baltimore, MD 21202 )
 )
    Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Jonathan T. Alston, (hereafter the "Plaintiff") and for his complaint against the Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Transunion") alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

1

## PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

3. Upon information and belief Defendants Equifax, Experian and Transunion (collectively "credit bureaus") are corporations authorized to do business in the State of Maryland.

4. Upon information and belief the credit bureaus are "consumer reporting agencies," as defined in 15 U.S.C. §1681a(f). Upon information and belief the credit bureaus are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

5. Upon information and belief the credit bureaus disburse such consumer reports to third parties under contract for monetary compensation.

## FACTS

6. Within the past two years of filing this complaint the credit bureaus have inaccurately reported that Mr. Alston had collection accounts with United Collection Bureau, Inc. ("UCB") and LHR, Inc. ("LHR").

### *The UCB Account*

7. The credit bureaus were reporting that Mr. Alston had a collection account with UCB in the amount of $226.00.

8. In May 2012 Mr. Alston disputed the UCB account with Equifax. Upon information and belief Equifax did not perform an investigation at all but just forwarded the dispute to UCB to investigate.

9. UCB erroneously verified the account as being reported accurately.

10. Equifax reported UCB's investigation results to Mr. Alston's credit report without considering any information outside of UCB.

11. In June 2012 Mr. Alston disputed the UCB account with Experian. Rather than conducting its own investigation of the disputed account, Experian simply forwarded the dispute to UCB for UCB to investigate. UCB confirmed the erroneous information as accurate and Experian without performing any due diligence accepted UCB's false representations and reported inaccurate information to Mr. Alston's credit report.

### *The LHR Account*

12. The credit bureaus were erroneously reporting Mr. Alston had a collection account with LHR in the amount of $4,345.

13. On June 8, 2012 Mr. Alston disputed the LHR collection account with the credit bureaus. Upon information and belief the credit bureaus did not actually investigate Mr. Alston's dispute but merely forwarded the dispute to LHR to perform an investigation.

14. LHR verified the collection account as being reported accurately.

15. The credit bureaus totally relied on LHR's investigation of the dispute and parroted the results of LHR.

### **COUNT ONE: VIOLATIONS OF FCRA**

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set out herein.

17. The credit bureaus violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes. Based upon information and belief, the credit

bureaus did not investigate the dispute but simply reported the account as accurate without conducting any investigation.

18. The credit bureaus violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the UCB and LHR accounts after receiving Plaintiff's dispute. Had the credit bureaus conducted an actual investigation they would have found that the accounts could not be verified and would have deleted the accounts.

19. As a result of the conduct, actions and inactions of the credit bureaus, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

20. The credit bureaus conduct, actions and inactions were willful, rendering the credit bureaus liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the credit bureaus were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

21. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from the credit bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY DEMANDED.**

JONATHAN T. ALSTON

By /s/ Jonathan T. Alston
Jonathan T. Alston
10012 Cedarhollow Lane
Largo, MD 20774
(301) 350-5780
*Pro Se Plaintiff*